**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

RICHARD GREENLEE,

      *Plaintiff*,

vs.

VILLAGE SHALOM, INC.,

      *Defendant.*

Case No. 08-2402-EFM

**MEMORANDUM AND ORDER**

      Plaintiff Richard Greenlee was employed by Defendant Village Shalom, Inc., where he alleges he was subjected to various forms of employment discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),[1] the Age Discrimination in Employment Act of 1967 ("ADEA"),[2] and the American with Disabilities Act of 1990 ("ADA").[3]  Although not entirely clear from Plaintiff's Complaint, it appears that he was employed as a health care worker, where he was responsible for providing assistance to the residents of Defendant's facility.  While working in this capacity, Plaintiff alleges he was harassed by the nursing staff, of whom at least one was a black female, and also claims he was falsely accused of sleeping on the job.  After dealing

---

[1] 42 U.S.C. § 2000e *et seq.*

[2] 29 U.S.C. § 621 *et seq.*

[3] 42 U.S.C. § 12101 *et seq.*

with being harassed for several months, Plaintiff claims he submitted a complaint to Defendant's human resources director, and soon thereafter, he was terminated.

Plaintiff alleges these unlawful employment practices occurred between June 9, 2006 and February 9, 2007. Plaintiff filed an administrative Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 17, 2008. The EEOC issued a Dismissal and Notice of Rights on October 20, 2008, stating that Plaintiff failed to timely file his complaint with the EEOC.

On February 18, 2009, Defendant filed a Motion for Judgment on the Pleadings (Doc. 27), asserting that Plaintiff failed to state a claim for which relief could be granted. On April 21, 2009, Plaintiff filed a Motion for Extension of Time to File his Response to Defendant's Motion for Judgment on the Pleadings. The Court granted Plaintiff's Motion, and set May 11, 2009 as Plaintiff's new deadline to file his response.[4] In addition, the Court informed Plaintiff that no further extensions would be considered. Nevertheless, on August 4, 2009, nearly three months past his deadline for responding, Plaintiff filed another Motion for Extension of Time to File his Response, which the Court denied.[5] As a result, Defendant's motion is unopposed.[6]

---

[4] While granting Plaintiff's request for extension of time, the Court was cognizant that Plaintiff was 39 days past due on filing his response.

[5] *Pro se* plaintiffs are not excused from following both the federal rules of procedure and local district court rules. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992), *cert. denied*, 507 U.S. 940; *Campbell v. Meredith Corp.*, 260 F. Supp. 2d 1087, 1097 n.10 (D. Kan. 2003).

[6] When a respondent fails to file a response within the required time, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice. D. Kan. Rule 7.4.

## II. Standard

A motion for judgment on the pleadings under Fed. R. Civ. P. 12©) is governed by the same standards as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[7] Under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences from those facts in favor of plaintiff.[8] Rule 12(b)(6) does not require detailed factual allegations, but the complaint must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action.[9] In other words, plaintiff must allege sufficient facts to state a claim which is plausible-rather than merely conceivable-on its face.[10]

Because Plaintiff is pursuing this action pro se, the Court must be mindful of additional considerations. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[11] However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant."[12] "[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[13]

---

[7] *See Atl. Richfield Co. v. Farm Credit Bank*, 226 F.3d 1138, 1160 (10th Cir. 2000); *Mock v. T .G. & Y.*, 971 F.2d 522, 528 (10th Cir. 1992).

[8] *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir.2006).

[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); see also *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved).

[10] *Bell Atl. Corp.*, 550 U.S. at 570.

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Id.*

[13] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

### III. Analysis

Pursuant to Fed. R. Civ. P. 12(c), a party can move for a judgment on the pleadings if there are no material facts at issue. A Rule 12(c) motion should be granted when a plaintiff is unable to prove any set of facts entitling him to relief under any theory of recovery.[14] Under Title VII, the ADEA, and the ADA, a plaintiff is required to file an administrative charge with the EEOC within 300 days of the alleged unlawful employment practice.[15] Here, the last alleged unlawful employment practice occurred on February 9, 2007, requiring Plaintiff to file his administrative claim no later than December 6, 2007. Instead, Plaintiff filed his charge with the EEOC on October 17, 2008, a total of 617 days after the last alleged unlawful employment practice. As a result, Plaintiff failed to timely bring his claims under Title VII, the ADEA, and the ADA. Therefore, Plaintiff's employment discrimination and retaliation claims are barred, and Defendant's motion is granted.[16]

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Village Shalom, Inc.'s Motion for Judgment on the Pleadings (Doc. 27) is GRANTED, and Plaintiff's Complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated this 9th day of September, 2009, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[14] *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

[15] *See Haynes v. Level 3 Commc'n, LLC*, 456 F.3d 1215, 1222 (10th Cir. 2006).

[16] *See Barzanji v. Sealy Mattress Mfg. Co.*, 6 Fed. Appx. 720, 722 (10th Cir. 2001) ("A plaintiff may not bring a lawsuit based upon claims that were not part of a timely-filed EEOC charge.").